IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GORDON FRANK,                                  07-CV-811-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


**TIM D. WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR  97045
(503) 632-1120

       Attorneys for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1024


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**JOANNE ELIZABETH DANTONIO**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3621

      Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Unopposed Motion for Attorney Fees (#25) under 42 U.S.C. § 406(b).  For the following reasons, the Court **GRANTS** Plaintiff's Motion and awards attorneys' fees to Plaintiff in the amount of **$7,148.70**.

### BACKGROUND

     On June 1, 2007, Plaintiff filed a Complaint in which he sought judicial review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income Payments (SSI) under Titles II and XVI of the Social Security Act.

     On July 1, 2008, this Court issued an Opinion and Order reversing the Commissioner's decision and remanding the matter for the calculation and award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

On September 28, 2008, the parties filed a Stipulation Regarding Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,840.  On September 29, 2008, the Court issued an Order based on that Stipulation and awarded attorneys' fees to Plaintiff's counsel in the amount of $6,840.

On August 28, 2008, the Commissioner issued a Notice of Award to Plaintiff for retroactive benefits in the amount of $55,954.80.

On December 15, 2008, Plaintiff filed his Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $13,988.70 in attorneys' fees for work performed in this matter.

On December 16, 2008, the Court issued an Order directing Plaintiff to supplement the record with detailed information regarding relevant time records, etc.  On December 16, 2008, Plaintiff filed a Declaration in Support of Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).

## **STANDARDS**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any attorneys'

fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In *Crawford v. Astrue*, the Ninth Circuit noted § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'" 545 F.3d 854, 862 (9th Cir. 2008)

(quoting *Gisbrecht*, 535 U.S. at 808).  In addition,

> [t]he methodology by which a district makes such reasonableness determinations is for that court to select in the exercise of its sound discretion.  In making these determinations, it would be preferable for a district court to begin with the contingency-fee agreement and decrease from there, rather than increase from a lodestar calculation.

*Id.*

## DISCUSSION

**I.   Attorneys' fee agreement.**

Plaintiff states he entered into a contingent-fee agreement in which he agreed to pay his attorneys the greater of (1) 25 percent of the past-due benefits resulting from Plaintiff's claim or (2) such amount as Plaintiff's attorneys were able to obtain pursuant to the EAJA.  Although the fee agreement is not part of the record, Defendant does not dispute its terms.  This type of contingency-fee agreement for 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases.  *Gisbrecht*, 535 U.S. at 807.

**II.  Reasonableness of attorneys' fees requested.**

As noted, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant

factors that a court may consider: the attorneys' risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits compared "to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel.  *Id.* at 808.  No single factor is dispositive.  *Id.*  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id.*

    Here Plaintiff requests fees of $13,988.70 pursuant to the contingency-fee agreement between Plaintiff and his counsel.  A review of the record establishes Plaintiff's counsel was able to secure an award of past benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought and been denied benefits by an Administrative Law Judge.  The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.  In addition, Defendant does not contend the amount of fees requested is unreasonable.

    The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299-1300 (9th Cir. 1994).

Accordingly, the Court concludes a continency-fee award of $13,988.70, which is 25 percent of the past-due benefits obtained by counsel on Plaintiff's behalf, is reasonable.

### III. The net amount of attorneys' fees in this matter does not exceed 25% of Plaintiff's past-due benefits.

The Court may award attorneys' fees and costs to plaintiffs' attorneys under the EAJA for their representation of plaintiffs in court if certain criteria are met. *See* 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002). As noted, pursuant to § 406(b), courts may award such fees "not in excess of 25 percent of the . . . past-due benefits awarded to the claimant."

An attorney who receives fees for the same work under the EAJA and § 406(b) must refund the smaller fee to the plaintiff. 99 Stat. 183, 186 (1985). *See also Gisbrecht*, 535 U.S. at 796. Congress passed this amendment to prevent attorneys from keeping all of the fees under the EAJA and § 406(b), which would "deprive[] the plaintiff of the benefits intended by the EAJA." 1985 U.S.C.C.A.N. 132, 149 (1985).

As noted, on remand the Commissioner awarded Plaintiff $55,984.80 in past-due benefits. Plaintiff's counsel received $6,840 in attorneys' fees pursuant to the EAJA for representing Plaintiff before this Court. Plaintiff's counsel now moves for attorneys' fees of $13,988.70 under § 406(b) for his representation

7  -  OPINION AND ORDER

of Plaintiff in both matters.  Pursuant to 99 Stat. 183, 186 (1985), however, if Plaintiff's counsel is awarded $13,988.70 in attorneys' fees under § 406(b), they must refund to Plaintiff the $6,840 in fees previously obtained under the EAJA.  The net result of this exchange is that counsel are entitled to an additional $7,148.70 in attorneys' fees for the representation of Plaintiff before this Court to ensure that the total amount of fees awarded to Plaintiff's counsel is only 25 percent of the past-due benefits received by Plaintiff.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (#25) in the amount of **$7,148.70**, which represents a total fee award of $13,988.70 less the $6,840 EAJA fees already received by counsel.  See *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this 27th day of February, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8  -  OPINION AND ORDER